# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DARREN OWEN KEETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 7:16-cv-1544-MHH-TMP |
| | ) |
| WARDEN WILLIE THOMAS, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On September 15, 2017, the magistrate judge entered a report in which he recommended that the Court dismiss without prejudice petitioner Darren Owen Keeton's 28 U.S.C. § 2254 petition for habeas corpus relief because Mr. Keeton failed to exhaust his state court remedies. (Doc. 20).[1] The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 20, p. 5). To date, no party has filed an objection to the report and recommendation.[2]

---

[1] The introduction to the Sepetmber 15, 2017 report states that this is a 28 U.S.C. § 2254 habeas action. (Doc. 20, p. 1). The conclusion of the report states that this is a 28 U.S.C. § 2241 action. (Doc. 20, p. 4). On September 27, 2016, the magistrate judge entered an order construing Mr. Keeton's complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because Mr. Keeton challenges the length of his confinement. (Doc. 3). Therefore, the reference to § 2241 in the September 15, 2017 report seems to be a typographical error.

[2] On September 15, 2017, the Clerk mailed a copy of the magistrate judge's report and recommendation to Mr. Keeton at his address of record. (*See* September 15, 2017 staff note).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[3]

The Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant facts.[4] Therefore, the Court adopts the magistrate judge's report and accepts his recommendation.

The Court will enter a separate final order dismissing this case without prejudice.

---

On October 5, 2017, the postal service returned to the Court as undeliverable Mr. Keeton's copy of the report and recommendation. (Doc. 21). On October 5, 2017, the Court searched the Alabama Department of Correction's inmate locator database. A search for Mr. Keeton produced no results. It is Mr. Keeton's responsibility to notify the Clerk in writing of any address change. (*See* Doc. 1, p. 1).

[3] When a party objects to a report in which a magistrate judge recommends dismissal of a claim, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

[4] In his report, the magistrate judge stated: "The respondents argue that petitioner still has a remedy in the state courts by which he can receive state review of the claim: by filing an appropriate petition for *habeas* relief in the state court, or by filing a common law petition for writ of certiorari in the state courts and, as necessary, pursuing the appellate process." (Doc. 20, p. 4). Although the Court acknowledges that Mr. Keeton may file a petition for writ of certiorari, Mr. Keeton also may file a renewed petition for writ of mandamus in the Alabama Court of Criminal appeals because the state trial court has not responded to Mr. Keeton's initial mandamus petition. (*See* Doc. 4, pp. 2-3).

**DONE** and **ORDERED** this April 24, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE